# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HENRY ROBERT BRATTON III,

Petitioner,

vs.

ROBERT HERNANDEZ,

Respondent.

CASE NO. 06cv2771-LAB (AJB)

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; AND**

**ORDER DENYING PETITION**

Petitioner initially filed his petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California, amending it once before it was transferred to this district on December 26, 2006. The amended petition challenged the decision of the Board of Parole Terms (the "Board") on September 2, 2003 finding him unsuitable for parole.[1] Pursuant to 28 U.S.C. § 636, the amended petition was referred to Magistrate Judge Anthony Battaglia for report and recommendation. On December 18, 2007, Judge Battaglia issued his report and recommendation (the "R&R"), finding the petition did not support issuance of the writ, and recommending the petition be denied.

[1] Petitioner has been considered for parole since that time, but challenges only the 2003 denial and does not challenge subsequent denials. (*See* Am. Pet. at 6a "The decision[ ] challenged occurred on September 2, 2003."; *see also* R&R at 2:25–3:18 (setting forth procedural history, and explaining that Petitioner filed his amended petition in response to an order by the U.S. District Court for the Eastern District of California directing him to explain whether he wished to challenge the 2003 decision or a later one.))

The R&R directed the parties to file their objections no later than January 2, 2008, and replies to the objections no later than January 16. The R&R specifically warned the parties that failure to file objections may waive the right to raise those objections on appeal. Neither party filed objections within the time permitted or sought an extension of time in which to object.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objection is made, this Court may adopt the R&R without review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (en banc).

The Court has reviewed the R&R and now modifies it in two respects. First, the R&R denied Petitioner's request for judicial notice of certain documents, characterizing Petitioner's request as one for judicial notice of adjudicative facts in *McQuillion v. Duncan*, 342 F.3d 1012 (9th Cir. 2003), yet accepting submitted documents as lodgments. (R&R at 12:13–13:5.) Plaintiff in fact twice requested judicial notice, first in his amended petition at 6f–6h, and again by motion on April 25, 2007. Judge Battaglia did rely on *McQuillion*, and cited it throughout the R&R, but properly did not rely on any adjudicative facts from the underlying case.

Petitioner also, however, requested judicial notice of additional documents. (*See* Motion for Judicial Notice of Psychological Evaluation, filed April 25, 2007, and attached exhibits.) The documents consist of a transcript of the 2003 hearing, as well as several documents created after the 2003 decision. The transcript of the Board's 2003 decision

/ / /

was already in the record, attached as an exhibit to the amended petition, (Am. Pet., Ex. A), and the R&R accepts and relies on it. (R&R at 8:19–9:4.)

The later documents include a psychological report dated August 19, 2004 and portions of the transcript of the 2005 Board hearing. These are irrelevant to the issue of whether the Board's decision in 2003 warrants habeas relief. Events following the Board's 2003 denial of parole could not have formed the basis of the Board's decision in 2003, and Petitioner has not shown these later documents are relevant in any other way. While these documents might be relevant if Petitioner were seeking relief from the Board's 2005 denial of parole, they are not relevant in this case. While the R&R did not specifically rule on the question of judicial notice of the documents created after 2003, denial of Petitioner's request is proper under Fed. R. Evid. 201 and 402.

The R&R also address Petitioner's argument that he entered into an agreement with the state of California when he signed a "Notice and Conditions of Parole" in 1991, and that the state subsequently breached this agreement. The R&R indicates Petitioner never explained what the terms of this agreement were. (R&R at 10:22–23.) On review it is apparent Petitioner is referring to a document filed as Exhibit F to his amended petition. (*See* Am. Pet. at 6f:8–11 (citing Exhibits B and F).) In his amended petition, Petitioner argues the Board never mentioned any violation of the agreement, as he characterizes it, which would merit revocation or rescission of parole. (*Id.*) Any claim Petitioner might have for habeas relief based on the Board's decision in 1992 to revoke or rescind parole is obviously time-barred. (*See* R&R at 9:24–10:30.) The R&R, however, liberally construed the amended petition as challenging the 2003 decision based on the 1991 agreement. (*Id.* at 10:4–19.)

Exhibit F, the agreement Petitioner relies on, is a document titled Notice and Conditions of Parole and was signed by Petitioner and an institutional representative on April 1, 1992. It is not fully clear whether such an agreement represents a contract the state must abide by, or whether it represents the state's unilateral imposition of conditions. *See United States v. Crawford,* 372 F.3d 1048, 1084 (9th Cir. 2004) (Fletcher, J., dissenting) (noting unresolved disagreement).

Even if this type of document would ordinarily be binding on the state, however, the document contemplates Petitioner's release on parole beginning on July 27, 1991. Because he was not released, the purpose of such an agreement is frustrated and the conditions of release, which are meaningless when applied to a prisoner, are a dead letter.

Furthermore, regardless of how the Court reads the Notice and Conditions of Parole, it is plain the state did not breach its agreement with Plaintiff. The document specifically states: "When the Board of Prison Terms determines, based on psychiatric reasons, that you pose a danger to yourself or others, the Board . . . may revoke your parole and order your return to prison." (Am. Pet., Ex. F.) At the hearing held in 1992, the Board reconsidered a decision to grant parole based on both the seriousness of the offense and negative psychiatric reports. (*Id.*, Ex. B (citing transcript at 83:24–84:6).) It is apparent the Board in 1992 determined Petitioner was dangerous, and based its decision on psychiatric reasons. Petitioner appears to be reading into this document a provision that, once parole is revoked or rescinded, the Board must again grant it on the same terms. No such provision is found in the document, however. Nothing in this document purports to bind the Board or the state to its terms in all future parole determinations.

For these reasons, the Court **ADOPTS** the R&R as modified herein. The Petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 31, 2008

[signature]

**HONORABLE LARRY ALAN BURNS**
United States District Judge