# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HENRY ROBERT BRATTON III,

Petitioner,

vs.

ROBERT HERNANDEZ,

Respondent.

CASE NO. 06cv2771-LAB (AJB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Following denial of his petition for writ of habeas corpus by the Court's order issued February 5, 2008, Petitioner has filed a notice of appeal.

A certificate of appealability should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," and when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c); *Barefoot v. Estelle*, 463 U.S. 880, 89 and n.4 (1983)) (quotation marks omitted).

This case was referred to Magistrate Judge Anthony Battaglia for report and recommendation. Judge Battaglia's report and recommendation (the "R&R"), after reporting the facts of the case and conducting a legal analysis, recommended denying the petition. Plaintiff did not object to the R&R, thus waiving all objections to the R&R's findings of fact.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). Plaintiff's failure to object will also be weighed as a factor in deciding whether Petitioner has waived his legal objections to the R&R. *Id.*

The R&R was careful to point out Petitioner was only challenging his 2003 denial of parole. The Court reviewed the R&R, made two modifications, and adopted it as modified. Bearing in mind the standard for federal habeas relief set forth in 28 U.S.C. § 2254(d)(2), the Court found no basis on which to grant the petition.

The R&R identified evidence the Board of Parole Terms relied on in reaching its decision and, on that basis, concluded the Board's decision to deny Petitioner parole in 2003 was supported by "some evidence," which is all that is required. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Plaintiff also contended that in denying him parole in 2003, the Board was breaching an agreement it made with him in 1991. On review, it is apparent the document he identifies as an agreement was Petitioner's Notice and Conditions of Parole agreed to in 1991 but rescinded in 1992 when the Board determined Petitioner was dangerous based for psychiatric reasons. Even if the Notice and Conditions of Parole qualified as an agreement, the Board did not breach it in 1992, because it provided that parole might be rescinded if Petitioner was found to be dangerous for psychiatric reasons. Nor was it still in force in 2003, having been rescinded in 1992, after which Petitioner was returned to custody. To the extent Petitioner may have been attempting to appeal the 1992 rescission, his challenge comes too late.

Petitioner also contended his right were violated when the Board failed to explain whether it was applying the Determinate Sentencing Law ("DSL") or Indeterminate Sentencing Law ("ISL") when considering whether to grant parole. Petitioner did not identify any prejudice, but simply argued the Board applied the wrong law. Even though the DSL was enacted before he was first eligible for parole, Petitioner began to be considered for parole after seven years' incarceration, consistent with the ISL. As of 2003, he had already served 30 years of his 7-year-to-life term and would have been considered for parole under

either law. His 2003 parole denial was for one year, and he would not be entitled to more frequent consideration under either law. He had been repeatedly found unsuitable for parole for psychiatric and social reasons, as well as based on his commitment offense, and not based on whether the DSL or ISL's criteria applied.

Even if the Board did apply the DSL rather than the ISL, no prejudice is apparent. *See Connor v. Estelle*, 981 F.2d 1032, 1033–35 (9th Cir. 1992) (holding petitioner had not been prejudiced because criteria for parole were identical under California's DSL and ISL, and on that basis denying habeas relief). Furthermore, to the extent Petitioner's claim rested on alleged errors in applying state law, he failed to state a claim on which relief could be granted. *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (noting that federal courts lack authority to review a state's application of its own laws).

The Court has reviewed Petitioner's other contentions and finds, for reasons set forth in the R&R, they do not meet the standard set forth in *Slack*, 529 U.S. at 484.

The Court therefore **DECLINES TO GRANT** a certificate of appealability. Any further request for a certificate of appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**IT IS SO ORDERED**.

DATED: March 13, 2008

[signature]

**HONORABLE LARRY ALAN BURNS**
United States District Judge